Gerry Baltazar YAMBAO, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71857.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amancio M. Liangco, San Francisco, CA, for Petitioner.

Gerry Baltazar Yamboa, Union City, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, Lisa M. Arnold, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Gerry Baltazar Yambao, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Malhi v.*

*INS*, 336 F.3d 989, 992 (9th Cir.2003), and deny the petition for review.

There was support for the IJ's determination that several of the documents Yambao offered into evidence may have been fraudulent, including the letters he offered to prove that he assisted the Philippine National Police. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Because the genuineness of these documents goes to the heart of his claim, substantial evidence supports the adverse credibility determination. *See id.* (holding that substantial evidence supports an adverse credibility finding where an asylum applicant submits potentially fraudulent evidence).

The IJ properly admitted the government's evidence to impeach Yambao as the evidence was probative and its admission was fundamentally fair. *See Ladha v. INS*, 215 F.3d 889, 904 (9th Cir.2000). To the extent Yambao claims he was denied due process because the IJ was biased, that claim is not borne out by the record.

Because Yambao did not testify credibly, he did not establish eligibility for asylum or withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Yambao's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.